UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV 12-3790 SVW(FFMx) |
| | ) | |
| Plaintiff, | ) | **CONSENT JUDGMENT OF FORFEITURE** |
| | ) | |
| vs. | ) | |
| | ) | |
| REAL PROPERTY LOCATED AT 305 E. | ) | |
| HALEY ST., SANTA BARBARA, | ) | |
| CALIFORNIA (PRICE), | ) | |
| | ) | |
| Defendant. | ) | JS-6 |
| | ) | |
| _____ | ) | |
| | ) | |
| JOHN E. PRICE AND JANNA M. | ) | |
| PRICE, CO-TRUSTEES OF THE PRICE | ) | |
| LIVING TRUST DATED SEPTEMBER | ) | |
| 28, 2007, | ) | |
| | ) | |
| Titleholders. | ) | |
| | ) | |
| _____ | ) | |

This action was filed on May 2, 2012.  Notice was given and published in accordance with law.  Claimant and titleholder John E. Price and Janna M. Price, Co-Trustees of the Price Living Trust Dated September 28, 2007 ("Claimant") filed a claim on May 30, 2012.  No other claims or answers have been filed, and the time for filing claims and answers has expired.  Plaintiff United States of America ("the government") and Claimant have reached an agreement that, without further litigation and without an admission of any wrongdoing, is dispositive of the

1

government's claims against the defendant property, and hereby request that the Court enter this Consent Judgment of Forfeiture.

As used throughout, the following terms shall have the following meaning:  (a) "defendant property" shall mean the defendant real property located at 305 E. Haley St., Santa Barbara, California; and (b) "illegal purpose" shall mean any purpose that furthers or facilitates the distribution, cultivation or sale of marijuana in violation of federal law including, but not limited to, renting space to a person or entity that sells, distributes or cultivates marijuana; or the renting of space to or permitting the continued tenancy of any person or entity that sells, distributes, cultivates or facilitates the sale, distribution or cultivation of marijuana.

**THE COURT HAVING CONSIDERED THE REQUEST OF THE PARTIES, AND FINDING GOOD CAUSE THEREFOR, IT IS ORDERED, ADJUDGED AND DECREED:**

1.   This Court has jurisdiction over the parties to this judgment and the subject matter of this action.

2.   On May 2, 2012, the government filed a Complaint for Forfeiture pursuant to 21 U.S.C. § 881(a)(7) against the defendant real property.

3.   Claimant filed a timely claim.  No other claimant has appeared in this action, and the time for filing claims has expired.

4.   Notice of this action has been given in accordance with law.  No appearances having been made in this action by any

2

person other than Claimant, the Court deems that all other
potential claimants admit the allegations of the Complaint to be
true.  The Complaint states a valid claim for relief pursuant to
21 U.S.C. § 881(a)(7).

5.   Claimant shall retain possession of and title to the
defendant property and in consideration thereof, Claimant agrees
to abide by the terms of this Agreement.  Claimant shall
lawfully use and occupy the defendant property in accordance
with the restrictions imposed by paragraph 6 below.  If Claimant
fails to comply with any of the terms of paragraph 6, Claimant's
interest in the defendant property shall be forfeited to the
government pursuant to paragraph 8 below.

6.   Claimant shall not use or occupy the defendant
property, nor shall it allow the defendant property to be used
or occupied, for any illegal purpose.  Claimant shall take all
reasonable precautions to prevent any destruction to or
diminution in value of the defendant property and any fixtures
thereto.  Claimant shall not knowingly rent, lease or otherwise
allow the use or occupancy of any of Claimant's property to (a)
any former tenant who used or occupied any of Claimant's
property for any illegal purpose; or (b) any person Claimant has
reason to believe may use or occupy the Claimant's property for
any illegal purpose.  Claimant shall not knowingly allow any of
the Claimant's property to be listed in any advertisement,
publication, directory or internet site which advertises or

indicates that marijuana is available at the location of the Claimant's property.[1]

7.   In the event that Claimant fails to comply with any of the terms of paragraph 6 of this Consent Judgment during the four (4) year period following the entry of this judgment, the entirety of Claimant's interest in the defendant property shall be condemned and forfeited to the United States, subject to the "notice" and "cure" provisions set forth below.  In the event of forfeiture, the Santa Barbara County Recorder shall index this Judgment in the grantor index under the name of "John E. Price and Janna M. Price, Co-Trustees of the Price Living Trust Dated September 28, 2007," and in the grantee index in the name of the "United States of America."  If the government believes that Claimant has failed to comply with any provision of paragraph 6, it shall provide written notice of such failure to Claimant (as well as its respective undersigned counsel), describing the provision believed to have been violated.  Claimant shall have fifteen (15) days from its receipt of such notice to cure the violation, or in the event of a failure to comply that cannot be cured within the fifteen day period, initiate within that period steps sufficient to cure the failure in a reasonable period (e.g., initiation of an unlawful detainer action), and thereafter continue and complete all reasonable and necessary steps to produce compliance as soon as reasonably practicable. If such actions to cure the violation are not taken, as required

---

[1]  The government is currently informed and believes that there is no location of any Claimant's property currently listed in any such publications.

above, the government shall file a Notice of Non-Compliance and

Forfeiture with the Court, setting out the violation and the

failure of Claimant to timely cure the violation.  Claimant

shall have fourteen (14) court days from the filing of the

Notice to file a motion to seek relief from forfeiture, wherein

Claimant may argue that, among other things, it is an "innocent

owner" pursuant to 18 U.S.C. §983(d).  If such a motion is

filed, the government shall take no further action with respect

to the property until the motion has been determined.  If no

such motion is timely filed, the defendant property shall be

forfeited to the United States on the fifteenth (15th) day after

the filing of the Notice of Non-Compliance and Forfeiture,

unless the Court orders otherwise.  Upon forfeiture under the

terms of this paragraph, the government shall have the right to

take possession of the defendant property without further order

of the Court, and the United States Marshals Service, or its

representatives, shall, without further order of the Court,

proceed to take physical possession of the defendant property

and its fixtures, and may evict any and all persons, pets,

livestock, and personal property from the defendant property as

it deems necessary or appropriate.  A "filed"-stamped copy of

this Consent Judgment accompanied by a "filed"-stamped copy of a

Notice of Noncompliance and Forfeiture and/or order of the

Court, shall be sufficient to establish the forfeiture of the

defendant property.  In the event that the defendant property is

forfeited to the government, Claimant agrees that the United

States Marshals Service may proceed to sell the defendant

property.  Thereafter, the United States Marshals Service, or

its representatives, shall promptly proceed to dispose of the defendant property and to distribute any proceeds from the sale in accordance with the law.

8.    Upon the filing of this Consent Judgment, the United States Marshals Service, or its representatives, shall be allowed to enter the defendant property for purposes of inspection and inventory.  Such entry shall be permitted by Claimant at a reasonable time to be agreed upon by the parties. Absent such agreement, the government may apply to the Court for a writ of entry for purposes of protecting the government's interests in the defendant property, in connection with which Claimant may request a hearing.

9.    This consent judgment shall only be recorded in accordance with the provisions of paragraph 7 above.

10.    In consideration of the government's agreement not to pursue Claimant's interest in the defendant property (other than provided for herein), Claimant shall pay the sum of $130,000.00 to the government not later than ninety (90) days following entry of this consent judgment by the Court.  Such payment shall be made in the form of a cashier's check made payable to the United States Marshals Service, and shall be delivered to Assistant United States Attorney P. Greg Parham, 312 N. Spring Street, 14th Floor, Los Angeles, California 90012.  Said sum is hereby ordered forfeited to the United States of America and no other right, title or interest shall exist therein.  The United States Marshals Service is ordered to dispose of the funds in accordance with law.

11.   In consideration of Claimant's agreement to forfeit the above-described funds, and except as otherwise provided herein, the government agrees to forego its attempts to forfeit Claimant's interest in the defendant property in connection with any conduct committed up to and including the date of the filing of this proposed consent judgment.  The government agrees that if payment is made as provided in paragraph 10, it shall execute and record a Withdrawal of *Lis Pendens* with the County Recorder of Santa Barbara County within ten days of such payment.

12.   Should Claimant fail to make the payment as required in paragraph 10, the government shall acquire a lien against the defendant real property in the sum of $130,000.00.  The government's lien shall include a right of sale, allowing the government to take possession of and sell the defendant property at any time according to the following terms, unless the parties agree otherwise in writing.  The government shall give written notice to Claimant by letter directed to Joshua E. Lynn, 1516 Chapala St., Santa Barbara, California 93101, thirty (30) days before the government intends to enforce its right of sale of the property.  At the conclusion of that thirty day period, any occupants or personal property shall be removed from the property.  The United States Marshals Service is hereby authorized to remove any occupants and/or personal property remaining on the defendant property thirty days after the giving of written notice without further order of this Court.  The United States Marshal Service shall thereafter sell the property.  The proceeds of sale shall be applied as follows, to the extent proceeds are available:

a.   First, to the costs incurred by the United States
Marshals Service in taking possession of and
selling the defendant property;

b.   Second, to the payment due under the terms of
this judgment; and

c.   Third, to Claimant.

13.   The obligations of Claimant pursuant to this consent judgment, other than the payment by Claimant set forth in paragraph 10, shall terminate and be of no further effect upon the sale or other transfer of ownership of the defendant property to a third party (including the United States Marshals Service), or of the surrender by Claimant of any interest in the property.  Additionally, these obligations shall terminate and be of no further effect in the event that the defendant property is forfeited to the government.

14.   Except as otherwise set forth in this Consent Judgment, Claimant has released the United States of America, its agencies, agents, and officers, including, without limitation, employees and other representatives of the Drug Enforcement Administration, from any and all claims, defenses, actions, or liabilities arising out of or related to this action against the defendant property, including, without limitation, any and all claims for attorneys' fees, costs or interest which may be asserted by it or on its behalf.

15.   The parties shall each bear their own costs and attorneys' fees in this action.

16.   The Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Judgment.

17.  All notices and other communications provided for in this Consent Judgment shall be in writing and shall be effective when given on the earliest of the following dates:  (i)  the date when actually delivered if delivered in person to the recipient; (ii)  on the first (1st) business day after depositing such notice with a reputable independent nationally-recognized overnight courier service addressed to the recipient as set forth below; or (iii)  on the third (3rd) day after depositing such notice in a sealed envelope in the United States mail, postage prepaid, by registered or certified mail, return receipt requested, addressed to, except as otherwise provided in this Consent Judgment, the recipient at the address set forth below:

To the Government:  P. Greg Parham, Assistant U.S. Attorney, Asset Forfeiture Section, 312 N. Spring Street, 14th Floor, Los Angeles, CA 90012.

To Claimant: John E. Price and Janna M. Price, Co-Trustees of the Price Living Trust Dated September 28, 2007, P.O. Box 61106, Santa Barbara, CA 93160, with a copy to Joshua E. Lynn, 1516 Chapala St., Santa Barbara, CA 93101.

Any notice so given by mail shall be deemed to have been given as of the date of delivery (whether accepted or refused) established by the U.S. Post Office return receipt or the overnight courier's proof of delivery, as the case may be.

Dated: <u>September 6, 2012</u>

_____
THE HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

9